**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Nigel HUNTER, Defendant–Appellant.**

**No. 07–30128.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

Lori A. Harper Suek, USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., FDMT–Federal Defenders of Montana Helena Branch Office, Helena, MT, for Defendant–Appellant.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Nigel Hunter appeals from the district court's judgment revoking his supervised

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Hunter contends that his supervised release should not have been revoked because he attended a drug and alcohol relapse program at the direction of his probation officer, after his admitted use of alcohol. This argument fails because attending a treatment program after a supervised release violation does not preclude a subsequent revocation petition based upon that violation. *See United States v. Shampang*, 987 F.2d 1439, 1443–44 (9th Cir.1993). Moreover, there is no indication that Hunter was misled or promised that supervised release would not be revoked if he attended the treatment program. *Id.*

**AFFIRMED.**